## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

---

MARIE BARILLA,

                 Plaintiff,

                      v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,[1]

                 Defendant.

Civil Action No.
8:05-CV-01237 (DEP)

---

APPEARANCES:

OF COUNSEL:

FOR PLAINTIFF:

OFFICE OF MARK A. SCHNEIDER
57 Court Street
Plattsburgh, NY 12901

MARK A. SCHNEIDER, ESQ.

FOR DEFENDANT:

HON. GLENN T. SUDDABY
United States Attorney for the
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

WILLIAM H. PEASE, ESQ.
Assistant U.S. Attorney

---

[1]      Plaintiff's complaint, which was filed on September 29, 2005, named Jo Anne B. Barnhart, the former Commissioner of Social Security, as the defendant.  On February 12, 2007, Michael J. Astrue took office as Social Security Commissioner.  He has therefore been substituted as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, and no further action is required in order to effectuate this change.  *See* 42 U.S.C. § 405(g).

OFFICE OF GENERAL COUNSEL   BARBARA L. SPIVAK, ESQ.
Social Security Administration   Chief Counsel, Region II
26 Federal Plaza
New York, NY 10278        RICHARD A. HILL, JR., ESQ.
                          Sr. Counsel for Program Litigation

                          ANDREEA LECHLEITNER, ESQ.
                          Assistant Regional Counsel


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

Currently pending in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[2]  Oral argument was conducted in connection with those motions on February 20, 2008, and again on March 12, 2008, during telephone conferences which were both digitally recorded, and at which a court reporter was also present.  At the close of argument during the second hearing I issued a bench decision in which, after applying the

---

[2]     This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18 (formerly, General Order No. 43) which was issued by the Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998, and subsequently amended and reissued by Chief District Judge Frederick J. Scullin, Jr., on September 12, 2003.  Under that General Order an action such as this is considered procedurally, once issue has been joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in her appeal.

As I explained in my bench ruling, my concern in this matter lies with the failure of the administrative law judge ("ALJ") assigned to hear and determine the matter to adequately consider the limitations associated with plaintiff's diagnosed and longstanding mental conditions including, *inter alia,* bipolar disorder, history of attention deficit/hyperactivity disorder, and post-traumatic stress disorder, on her ability to perform work related functions.  Reports contained within the record, including those of Dr. John Schenkl, Clinical Social Worker Pat Parker, and Nurse Practitioner Verna Pederson, as confirmed to some degree by the report of Dr. Brett Hartman, indicate significantly greater limitations on plaintiff's work-related capacity stemming from her mental conditions than discerned by the ALJ. At various times, professionals have assigned to the plaintiff global assessment of functioning ("GAF") scores of forty-five (Dr. Schenkl, administrative transcript ("AT") at 359); forty-seven (CSW Parker, AT 436

3

and 422) and fifty (CSW Parker, AT 449). Evidence in the record also supports a finding that plaintiff is unable to remain focused long enough to complete a task (AT 244), is unable to follow simple instructions requiring concentration (AT 430-34, 436), cannot follow simple work instructions (AT 430-34; *see also* AT 396), and cannot deal with workplace stress, (AT 396). While it is true that the opinions of neither CSW Parker nor NP Pederson are entitled to controlling weight, they can nevertheless be considered as evidence regarding the severity of limitations stemming from conditions which have been diagnosed by appropriate medical officials. *See* SSR 06-03P.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed and is attached, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

1)    Plaintiff's motion for judgment on the pleadings is GRANTED.

2)    The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

3)    The matter is hereby REMANDED to the Commissioner,

4

without a directed finding of disability, for further proceedings consistent with this determination.

      4)    The clerk is directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.


David E. Peebles
U.S. Magistrate Judge

Dated:      March 14, 2008
                Syracuse, NY

5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------

MARIE BARILLA,

                      05-CV-1237

vs.
JOANNE BARNHART
Commissioner of Social Security,
               Defendant.
-----------------------------------------------------


EXCERPT FROM THE MINUTES OF TELEPHONE CONFERENCE
held on March 12, 2008
at the United States District Courthouse
100 South Clinton Street, Syracuse, New York,
the HONORABLE DAVID E. PEEBLES, Presiding.


A P P E A R A N C E S

FOR THE PLAINTIFF
OFFICE OF MARK A. SCHNEIDER
57 Court Street
Plattsburgh, New York 12901

FOR THE DEFENDANT
OFFICE OF REGIONAL COUNSEL
RICHARD HILL, ESQ.



*Diane S. Martens, RPR*
*Official U.S. Court Reporter*
*100 S. Clinton Street*
*Syracuse, New York 13261*

2

1       THE COURT:  All right.  Then here it is.  I have

2  applied the requisite deferential standard to Administrative

3  Law Judge Zolezzi's decision.  I have specifically looked

4  rather carefully at the portion of his decision which

5  finds -- well, which implicitly finds but, unfortunately,

6  does not discuss that the plaintiff's physical condition does

7  not meet or equal any listing and, of course, listing 1.04 of

8  the amended listings is the one at issue here.

9       I have carefully considered the applicability of

10  that listing and while I wish that the ALJ had indicated at

11  least that he had considered that listing and explained why

12  he rejected it, I do not believe from the medical evidence in

13  the record that that listing has been met.  I do not believe

14  that there is a sufficient showing of all of the requirements

15  that need to be met in order to establish that listing.  And

16  so I find that the Commissioner's decision that plaintiff's

17  condition did not meet or equal any listed impairment is

18  proper.

19       Of course, the ALJ did do a fairly thorough job of

20  discussing the mental impairments listings 12.04 and 12.08

21  and I accept and find that there is substantial evidence to

22  support that conclusion.

23       Where I part company with the ALJ is on the impact

24  of plaintiff's diagnosed mental condition which include

25  bipolar disorder, anxiety disorder, post-traumatic disorder

3

1    and a history of ADHD.   I cannot agree that the ALJ has taken

2    those conditions and the resulting limitations associated

3    with those conditions into consideration at step five where

4    the commissioner bears the burden.

5            When analyzing the claimant's RFC, the ALJ was duty

6    bound to determine whether she was able to carry out mental

7    activities associated with work functions, such as

8    limitations in understanding, remembering, carrying out

9    instructions, responding appropriately to supervision,

10   co-workers and work pressures in a work setting to such a

11   degree as to reduce her ability to perform either her past

12   relevant work or, in this case, other work in the national

13   economy.

14           I have reviewed carefully the RFC finding of the

15   ALJ and the hypothetical that was posed to the vocational

16   expert and I simply do not believe based particularly but not

17   exclusively on Dr. Schenkl's report at 396 in the record,

18   that the Commissioner has fully considered the limitations

19   associated with the plaintiff's conditions.

20           So, I am going to vacate the Commissioner's

21   determination, grant plaintiff judgment on the pleadings and

22   remand the matter.

23           I do not find, however, that there is a sufficient

24   basis to direct a finding of disability and so I believe that

25   the matter should be considered and more careful

4

1    consideration should be given to plaintiff's mental condition
2    and any resulting limitations.
3            So that is the ruling of the Court.  It will be
4    embodied in an order which I will issue directing the entry
5    of judgment.  And I appreciate, again, both of you
6    participating and the thorough briefing that both of you did
7    on this matter.